IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03145-PAB

ANNETTE VALDEZ-POWELL,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.
_____

### ORDER
_____

      This matter is before the Court on plaintiff Annette Valdez-Powell's complaint

[Docket No. 1], filed on November 19, 2013.  Plaintiff seeks review of the final decision

of defendant Carolyn W. Colvin (the "Commissioner") denying plaintiff's claim for

disability insurance benefits under Title II of the Social Security Act (the "Act"), 42

U.S.C. §§ 401-33.[1]  The Court has jurisdiction to review the Commissioner's final

decision under 42 U.S.C. § 405(g).

## I.  BACKGROUND

      On July 11, 2011, plaintiff filed for disability benefits under Title II.  R. at 11.

Plaintiff alleged that she had been disabled since January 14, 2011.  *Id.*  After an initial

administrative denial of her claim, plaintiff received a hearing before an Administrative

Law Judge ("ALJ") on August 23, 2012.  *Id.*  On October 18, 2012, the ALJ issued a

_____

      [1]The Court has determined that it can resolve the issues presented in this matter
without the need for oral argument.

decision denying plaintiff's claim. *Id.* at 24.

The ALJ found that plaintiff had the following severe impairments: degenerative joint disease of the right shoulder, degenerative disc disease of the cervical spine, chronic myofascial pain syndrome, bilateral carpal tunnel syndrome status post bilateral surgical release, and depressive disorder. R. at 13. The ALJ found that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, R. at 14, and ruled that plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with the following additional restrictions: occasional climbing stairs or ramps, no climbing ladders, ropes, or scaffolding; occasional stooping, crouching, kneeling, and crawling; avoid concentrated exposure to extreme cold and humidity; avoid even moderate exposure to hazards, including vibration; with right upper extremity, overhead reaching limited to occasionally, gross and fine manipulation limited to frequently, pushing and pulling limited to occasionally within the light-base weight restrictions; and limited to unskilled work activity.

R. at 17.[2] The ALJ concluded that plaintiff was incapable of performing past work and, based upon this RFC and in reliance on the testimony of the vocational expert ("VE"), the ALJ concluded that jobs "exist in significant numbers in the national economy that

---

[2]Light work is defined as:
lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
20 C.F.R. § 404.1567(b)

the claimant can perform." R. at 23.

The Appeals Counsel denied plaintiff's request for review. R. at 1. Consequently, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A.  Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.  *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003).  The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).  Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070.  Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*,

3

987 F.2d 1482, 1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy.  42 U.S.C. § 423(d)(1)-(2).  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However,

"[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. The ALJ's Decision

#### 1. Medical Opinions

A treating physician's opinion is entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2).  The Tenth Circuit has articulated a two-step test for determining whether the opinion of a treating source is entitled to controlling weight:

> An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96–2p, 1996 WL 374188, at *2 (quotations omitted).  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  *Id.*  In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight.  *Id.*

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  "A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the

opinion is rejected.  It may still be entitled to deference and be adopted by the adjudicator."  SSR 96-2p, 1996 WL 374188, at *1 (July 2, 1996).  The level of deference accorded a non-controlling opinion of a treating physician depends on a number of factors, including the length of the treating relationship, the nature and extent of the relationship, the supportability of the opinion and its consistency with the record as a whole, and the physician's medical specialization.  20 C.F.R. § 404.1527(c)(2)-(6).  An ALJ need not expressly discuss the application of each factor to each medical opinion, so long as the ALJ's opinion is "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (internal citations omitted).

Omitting a sufficiently thorough explanation for the weight given to the opinion of a treating physician (if given less than controlling weight) or for the weight given the opinion of a nonexamining physician is grounds for remand.  *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (remanding denial of benefits because ALJ improperly rejected the treating physician's opinion and relied instead on the findings of a non-treating physician, which the court found to be "of suspect reliability"); *Andersen v. Astrue*, 319 F. App'x 712, 728 (10th Cir. 2009) (unpublished) (remanding denial of benefits where ALJ failed to indicate weight accorded to treating physician's opinion and failed to supply "good reasons" for according opinion that weight).  Similarly, "[u]nless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical . . . consultant."  20 C.F.R. § 416.927(e)(2)(ii).

6

Plaintiff argues that the ALJ erred in disregarding an August 31, 2012 opinion from Dr. Richard Nanes, who examined plaintiff in connection with her workers' compensation claim.  Docket No. 12 at 7-8.  On August 31, 2012, Dr. Nanes saw plaintiff to determine whether plaintiff was fit to return to work.  R. at 595.  Plaintiff complained of generalized neck, back, and upper and lower extremities pain.  *Id.*  Dr. Nanes' examination found that plaintiff had difficulty elevating her arms, but had a full range of motion in her elbows, wrists, fingers, hips, and knees.  *Id.*  Plaintiff reported pain in her lower back when sitting up.  *Id.*  Dr. Nanes concluded as follows:

> ASSESSMENT:  The patient has chronic pain ever since her right shoulder surgery.  It is my opinion that she does have some psychological issues that may be contributing to her chronic pain.
>
> PLAN: I think that Dr. Kedlaya's recommendation that the patient be treated in a special Denver rehabilitation Institute is a reasonable recommendation. . . . At this time it is my opinion that the patient is unable to work in any capacity.

*Id.*

The ALJ noted that the record contained multiple statements concerning "temporary work restrictions" from plaintiff's orthopedist Dr. David Weinstein and from Dr. Nanes, both of whom the ALJ considered treating physicians, "ranging from total inability to work to release to work with no significant limitations."  R. at 20-21.  The ALJ then specifically cited multiple instances in the record where, between the alleged onset date and date of the ALJ's decision, Dr. Nanes' opinions alternated between concluding that plaintiff was unable to work, was released to work with limitations, or was released to work without restrictions.  R. at 20-21 n.1.  The ALJ further noted that, in some cases, Dr. Nanes' opinions were internally inconsistent or insufficiently explained.  *Id.*

7

(9/19/11 – release to work without restrictions, despite assessing 19 percent total body impairment; 4/30/12-6/18/12 able to work modified duty with ongoing permanent restrictions, but no[] indication of what such restrictions are (citing R. at 532, 556)).  The ALJ concluded

> [t]he finding of "disabling" or total inability to work is a finding reserved to the Commissioner, making this opinion evidence of no particular significance in assessing the claimant's case (20 CFR 404.1527(e); Social Security Ruling 96-5p).  Further, the medical records clearly indicate that these work-related limitations are intended to be temporary in nature, with no suggestion of opinion as to the claimant's longitudinal residual functional capacity that might have bearing in this case.  Thus, this opinion evidence is given little weight, despite the apparent treating source relationship.

R. at 20-21.

Although plaintiff concedes that the finding of disability is reserved to the Commissioner, as stated, her argument merely asserts that the ALJ should have credited Dr. Nanes' opinion that plaintiff was unable to work.  Docket No. 12 at 7-8. However, opinions from a medical source that a claimant is disabled "are not medical opinions" and an ALJ is not therefore required to "give any special significance to the source of [such] an opinion . . . ."  *See* 20 C.F.R. § 404.1527(d), (d)(3).  In *Duncan v. Colvin*, 608 F. App'x 566, 573 (10th Cir. 2015), a physician examining a claimant in connection with a workers' compensation claim opined that the claimant was temporarily totally disabled and suggested vocational training to allow the claimant to perform a light duty job.  In giving such an opinion "only some weight," the ALJ noted that opinions that a claimant is disabled, when made in the context of a workers' compensation claim, are not dispositive of a social security claim and "are not medical opinions but, instead, opinions on issues reserved to the Commissioner because they

are administrative findings."  The Tenth Circuit upheld the ALJ's decision, further

concluding that "[s]uch opinions, even when offered by a treating source, are never

entitled to controlling weight or given special significance."  *Id.* (citing SSR 96-5p, 1996

WL 374183, at *1, *2, *5 (July 2, 1996)).

Here, Dr. Nanes' August 31, 2012 opinion that plaintiff was unable to work was

not a "medical opinion[]" and therefore the ALJ was not required to analyze it as such.

*See* 20 C.F.R. § 404.1527(d).  Moreover, because his August 31, 2012 opinion that

plaintiff is unable to work is on an issue reserved to the Commissioner, the fact that Dr.

Nanes rendered the opinion as a treating source is of no special significance and does

not therefore trigger the ALJ's duty to determine whether the opinion is entitled to

controlling weight.  § 404.1527(d).  Thus, the ALJ did not err in declining to credit Dr.

Nanes' August 31, 2012 opinion that plaintiff was unable to work.  *See Seever v.

Barnhart*, 188 F. App'x 747, 753 (10th Cir. 2006) (unpublished) (holding that ALJ did not

err in failing to mention physician's workers' compensation evaluation finding that

claimant was "totally disabled" in part because "whether a social security claimant is

disabled is an issue reserved to the Commissioner" (citing 20 C.F.R. § 416.927(e)).  As

a result, plaintiff's remaining arguments – which all assert that the ALJ should have

attached greater importance to Dr. Nanes' August 31, 2012 opinion that plaintiff could

not return to work – are without merit.  *See* Docket No. 12 at 8.

This rationale does not, however, apply to the remainder of the opinions

expressed by Dr. Nanes in his August 31, 2012 examination report, namely, (1) that

plaintiff has chronic pain, (2) that psychological issues are contributing to her pain, and

(3) that plaintiff should receive rehabilitative treatment.  *See* R. at 595.  However, these opinions do not appear contrary to the ALJ's decision or her RFC finding such that plaintiff would have benefitted if the ALJ had afforded such opinions controlling weight. Plaintiff does not argue otherwise.  The Court is satisfied that the ALJ properly analyzed the remainder of Dr. Nanes' opinions on issues not reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(c)(2)-(6).  The ALJ noted that the accompanying medical records indicated that the suggested limitations appeared to be temporary in nature and not therefore probative as to plaintiff's permanent RFC.  R. at 21-22.  Plaintiff does not identify any evidence that overwhelms this conclusion.  *See Musgrave*, 966 F.2d at 1374.  The ALJ found that Dr. Nanes' suggested limitations changed regularly over the course of the treating relationship, which further supports the ALJ's conclusion that Dr. Nanes' suggested limitations are not probative of plaintiff's permanent RFC.  *See* R. at 20-21 n.1  The ALJ also noted multiple internal inconsistencies in Dr. Nanes' opinions. *Id.*  Thus, the Court finds that plaintiff has failed to identify reversible error in the ALJ's analysis of Dr. Nanes' opinions.  *See Tietjen v. Colvin*, 527 F. App'x 705, 708 (10th Cir. 2013) (unpublished) (holding that ALJ appropriately discounted opinion of physician who examined claimant in connection with workers' compensation because opinion was contradicted by medical records and because physician "did not provide any longitudinal medical record"); *Gonzalez v. Astrue*, 364 F. App'x 483, 486-87 (10th Cir. 2010) (concluding that ALJ appropriately reviewed opinion rendered by independent medical examiner who evaluated claimant in connection with workers' compensation claim).

### 2.  Mental RFC

Plaintiff argues that, although the ALJ found that plaintiff's depressive disorder was a severe impairment at step two, the ALJ's RFC finding failed to account for plaintiff's mental impairments.  Docket No. 12 at 9.  Plaintiff points out that licensed clinical social worker Amy Alsum diagnosed plaintiff with pain disorder associated with psychological factors as well as adjustment disorder with anxiety and depression, *see* R. at 600-01, that Dr. Divakara Kedlaya consistently noted that plaintiff suffered from anxiety and depression, *see, e.g.*, R. at 566, and that Dr. Nanes noted "symptoms consistent with anxiety and depression."  Docket No. 12 at 9-10.  Plaintiff's argument is without merit.  First, plaintiff's argument is conclusory and unsupported.  Plaintiff fails to explain why the cited evidence counsels in favor of additional mental limitations, and no such conclusion is apparent to the Court.[3]  Second, plaintiff's argument confuses the step two determination and RFC finding.  At step two, the question is whether an impairment has "more than a minimal effect" on a plaintiff's ability to do basic work activities.  *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).  The RFC determination, on the other hand, incorporates additional considerations.  *See Fischer-*

---

[3]The ALJ found that any mental limitations plaintiff may have were accommodated by a limitation to unskilled work.  R. at 22.  Although a "limitation to 'simple work' or 'unskilled jobs' is generally insufficient to address a claimant's mental impairments," *Groberg v. Astrue*, 505 F. App'x 763, 770 (10th Cir. 2012) (unpublished), a limitation to unskilled tasks can be used "as shorthand for the specific mental abilities described in SSR 85-15," which is how the Court interprets the ALJ's decision in this case.  *See Jaramillo v. Colvin*, 576 F. App'x 870, 875 (10th Cir. 2014) (unpublished). Plaintiff does not specifically identify any evidence tending to suggest that she lacks the ability to "understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."  SSR 85-15, 1985 WL 56857, at *4 (1985).

*Ross*, 431 F.3d at 731.  Thus, the fact that the ALJ found plaintiff's depressive disorder to be a severe impairment at step two does not, by itself, dictate that the ALJ incorporate a corresponding limitation into her RFC finding.  Third, the ALJ extensively discussed plaintiff's claimed mental limitations, R. at 19-20, and credited Ms. Alsum's opinion, concluding that it supported the ALJ's RFC finding.  R. at 22.  None of the evidence plaintiff cites overwhelms the ALJ's RFC finding, and the Court may not, as plaintiff's argument implicitly urges, reweigh the evidence or substitute its judgment for that of the ALJ.  *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). Plaintiff's argument is therefore insufficient to raise an issue of reversible error in the ALJ's decision.  Plaintiff does not raise a challenge to any other aspect of the ALJ's decision.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that Annette Valdez-Powell was not disabled is **AFFIRMED**.

DATED September 30, 2015.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge